PACIFIC TRIAL ATTORNEYS
A Professional Corporation
Scott J. Ferrell, Bar No. 202091
sferrell@pacifictrialattorneys.com
4100 Newport Place Drive, Ste. 800
Newport Beach, CA  92660
Tel: (949) 706-6464
Fax: (949) 706-6469

Attorneys for Plaintiffs

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

RODGER FADNESS, an individual,
BRYAN WILLIAMS, an individual, and
ADELFO CERAME, an individual,

        Plaintiffs,

        vs.

VANS, INC., a Delaware corporation; and
DOES 1 – 10, inclusive,

        Defendants.

Case No. 8:18-cv-2134

**COMPLAINT FOR VIOLATIONS OF THE AMERICANS WITH DISABILITIES ACT AND THE UNRUH CIVIL RIGHTS ACT**

**<u>DEMAND FOR JURY TRIAL</u>**

Plaintiffs Rodger Fadness, Bryan Williams and Adelfo Cerame (collectively, "Plaintiffs") allege as follows:

## JURISDICTION AND VENUE

1.      This Court has subject matter jurisdiction of this action pursuant to 28 U.S.C. § 1331 and 42 U.S.C. § 12188, for Plaintiffs' claims arising under the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12181 *et seq.*

2.      This Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367 over Plaintiffs' pendent claims under the California Unruh Civil Rights Act, Cal. Civil Code § 51 *et seq.* ("Unruh Act").

3.      Venue is proper in this jurisdiction pursuant to 28 U.S.C. § 1391 because Plaintiffs reside in this District, Defendant is subject to personal jurisdiction in this District because its principal place of business is located in this District, Defendant's offending Vans locations at Ontario Mills Mall, located at 1 Mills Circle, Ontario, California 91764 ("Vans Ontario"), at Outlets at San Clemente, located at 101 Avenida Vista Hermosa, San Clemente, California 92672 ("Vans San Clemente"), at MainPlace Mall, located at 2800 N. Main Street, Santa Ana, California 92705 ("Vans Santa Ana"), and at The Shops at Mission Viejo, located at 555 The Shops at Mission Viejo, Mission Viejo, California 92691 ("Vans Mission Viejo") (collectively, the "Vans Locations"), are located in this District, and a substantial portion of the conduct complained of herein occurred in this District.

## PARTIES

4.      Plaintiff Roger Fadness is an individual adult resident of this District. Plaintiff qualifies as an individual with disabilities. Plaintiff requires a wheelchair for mobility.  Plaintiff has visited, and regularly patronizes, the Vans Locations, but is being deterred from patronizing the Vans Locations on particular occasions due to the specific violations of the ADA and the Unruh Act detailed below which he has seen in photographs and about which he has otherwise been informed.  He nevertheless intends to return to the Vans Locations for the dual purpose of availing himself of the goods

and services offered to the public at the Vans Locations and to ensure that the Vans Locations cease evading their responsibilities under federal and state law.

5.　　Plaintiff Bryan Williams is an individual adult resident of this District. Plaintiff qualifies as an individual with disabilities. Plaintiff requires a wheelchair for mobility.　Plaintiff has visited, and regularly patronizes, the Vans Locations, but is being deterred from patronizing the Vans Locations on particular occasions due to the specific violations of the ADA and the Unruh Act detailed below which he has seen in photographs and about which he has otherwise been informed.　He nevertheless intends to return to the Vans Locations for the dual purpose of availing himself of the goods and services offered to the public at the Vans Locations and to ensure that the Vans Locations cease evading their responsibilities under federal and state law.

6.　　Plaintiff Adelfo Cerame is an individual adult resident of this District. Plaintiff qualifies as an individual with disabilities. Plaintiff requires a wheelchair for mobility.　Plaintiff has visited, and regularly patronizes, the Vans Locations, but is being deterred from patronizing the Vans Locations on particular occasions due to the specific violations of the ADA and the Unruh Act detailed below which he has seen in photographs and about which he has otherwise been informed.　He nevertheless intends to return to the Vans Locations for the dual purpose of availing himself of the goods and services offered to the public at the Vans Locations and to ensure that the Vans Locations cease evading their responsibilities under federal and state law.

7.　　Plaintiffs are informed and believe, and upon such information and belief allege, that Defendant Vans, Inc. ("Defendant") is a Delaware corporation with its principal places of business located in Costa Mesa, California.　Plaintiffs are informed and believe, and upon such information and belief allege, that Defendant, at all times relevant, conducted business in the State of California and within the Central District of California.　The Vans Locations, owned and operated by Defendant, are places of public accommodation pursuant to 42 U.S.C. § 12181(7)(F).

8.     Plaintiffs have been, and continue to be, adversely affected by Defendant's violations of the laws of the United States and the State of California at the Vans Locations. By being deterred from visiting the Vans Locations due to their violations of the ADA and the Unruh Act, Plaintiffs have suffered direct and indirect injury as a result of the Defendant's actions and/or omissions as described herein. Plaintiffs have reasonable grounds to believe that Defendant will continue to subject them to the direct and indirect injury described herein based on Defendant's ongoing failure to bring existing Vans Locations facilities into compliance.

9.     The true names and capacities of the Defendants sued herein as DOES 1 through 10, inclusive, are currently unknown to Plaintiffs, who therefore sue such Defendants by fictitious names. Each of the Defendants designated herein as a DOE is legally responsible for the unlawful acts alleged herein. Plaintiffs will seek leave of Court to amend this Complaint to reflect the true names and capacities of the DOE Defendants when such identities become known.

10.    At all relevant times, each and every Defendant was acting as an agent and/or employee of each of the other Defendants and was acting within the course and/or scope of said agency and/or employment with the full knowledge and consent of each of the Defendants. Each of the acts and/or omissions complained of herein were alleged and made known to, and ratified by, each of the other Defendants (Vans, Inc. and DOE Defendants will hereafter collectively be referred to as "Defendant").

## FACTUAL BACKGROUND

11.    Plaintiff Fadness, a disabled, mobility-impaired person who requires a wheelchair for mobility, regularly patronizes the Van Locations, but has been deterred from returning to the Vans Locations due to access barriers at each location.

12.    Specifically, on or about November 20, 2018, Plaintiff Fadness personally reviewed photographs of each of the Vans Locations, including Vans Ontario, Vans San Clemente, Vans Santa Ana, and Vans Mission Viejo, which demonstrated to him that he would encounter numerous barriers that prevented him from freely and fully

equally accessing each of the Vans Locations' facilities, goods, services, and accommodations in his wheelchair that are available to able-bodied customers. Among other things, some aisles are not wide enough – i.e., lack the requisite 36-inch clear path – for him to maneuver his wheelchair, making it impossible for him to access merchandise or to access displays and counter spaces that were accessible to able-bodied customers. This set of circumstances is in violation of, *inter alia,* 2010 ADA Standards for Accessible Design 403.5.1, 1991 ADAAG 4.3.3, and Title 24, § 11B-403.5.1.

13. Plaintiff Williams, a disabled, mobility-impaired person who requires a wheelchair for mobility, regularly patronizes the Van Locations, but has been deterred from returning to the Vans Locations due to access barriers at each location.

14. Specifically, on or about November 19, 2018, Plaintiff Williams personally reviewed photographs of each of the Vans Locations, including Vans Ontario, Vans San Clemente, Vans Santa Ana, and Vans Mission Viejo, which demonstrated to him that he would encounter numerous barriers that prevented him from freely and fully and equally accessing each of the Vans Locations' facilities, goods, services, and accommodations in his wheelchair that are available to able-bodied customers. Among other things, some aisles are not wide enough – i.e., lack the requisite 36-inch clear path – for him to maneuver his wheelchair, making it impossible for him to access merchandise or to access displays and counter spaces that were accessible to able-bodied customers. This set of circumstances is in violation of, *inter alia,* 2010 ADA Standards for Accessible Design 403.5.1, 1991 ADAAG 4.3.3, and Title 24, § 11B-403.5.1.

15. Plaintiff Cerame, a disabled, mobility-impaired person who requires a wheelchair for mobility, regularly patronizes the Van Locations, but has been deterred from returning to the Vans Locations due to access barriers at each location.

16. Specifically, on or about November 21, 2018, Plaintiff Cerame personally reviewed photographs of each of the Vans Locations, including Vans Ontario, Vans San

Clemente, Vans Santa Ana, and Vans Mission Viejo, which demonstrated to him that he would encounter numerous barriers that prevented him from freely and fully and equally accessing each of the Vans Locations' facilities, goods, services, and accommodations in his wheelchair that are available to able-bodied customers. Among other things, some aisles are not wide enough – i.e., lack the requisite 36-inch clear path – for him to maneuver his wheelchair, making it impossible for him to access merchandise or to access displays and counter spaces that were accessible to able-bodied customers. This set of circumstances is in violation of, *inter alia,* 2010 ADA Standards for Accessible Design 403.5.1, 1991 ADAAG 4.3.3, and Title 24, § 11B-403.5.1.

## <u>FIRST CLAIM FOR RELIEF</u>

### Violations of the Americans with Disabilities Act of 1990, 42 U.S.C. § 12181 *et seq.*

### (Against All Defendants)

17.     Plaintiffs incorporate by this reference the allegations contained in the preceding paragraphs as if fully set forth herein.

18.     Section 302(a) of Title III of the ADA, 42 U.S.C. § 12181 *et seq.*, provides: "No individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation."  42 U.S.C. § 12182(a).

19.     Defendant's Vans Locations are places of public accommodation within the definition of Title III of the ADA, 42 U.S.C. § 12181(7).

20.     Under Section 302(b)(1) of Title III of the ADA, it is unlawful discrimination to deny individuals with disabilities the opportunity to participate in or benefit from the goods, services, facilities, privileges, advantages, or accommodations of an entity.  42 U.S.C. § 12182(b)(1)(A)(i).

21.     Under Section 302(b)(2) of Title III of the ADA, unlawful discrimination also includes, among other things: "a failure to make reasonable modifications in policies, practices, or procedures, when such modifications are necessary to afford such goods, services, facilities, privileges, advantages, or accommodations to individuals with disabilities, unless the entity can demonstrate that making such modifications would fundamentally alter the nature of such goods, services, facilities, privileges, advantages or accommodations; and a failure to take such steps as may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services, unless the entity can demonstrate that taking such steps would fundamentally alter the nature of the good, service, facility, privilege, advantage, or accommodation being offered or would result in an undue burden".   42 U.S.C. § 12182(b)(2)(A)(ii)-(iii).   Unlawful discrimination also includes "a failure to remove architectural barriers . . . in existing facilities . . . where such removal is readily achievable."   42 U.S.C. § 12182(b)(2)(A)(iv).   "The term 'readily achievable' means easily accomplishable and able to be carried out without much difficulty or expense." 42 U.S.C. § 12181(9).

22.     The acts alleged herein constitute violations of Title III of the ADA, and the regulations promulgated thereunder.   Defendant is denying Plaintiffs, persons with disabilities, full and equal accommodations, advantages, facilities, privileges, or services offered by Defendant, and is deterring Plaintiff from visiting the Vans Locations due to Defendant's failure to make appropriate modifications to the locations. Plaintiffs have not been provided services that are provided to other patrons who are not disabled, and/or have been provided services that are inferior to the services provided to non-disabled persons.   Defendant has failed to take any prompt and equitable steps to remedy its discriminatory conduct.   These violations are ongoing.

23.     Pursuant to 42 U.S.C. § 12188 and the remedies, procedures, and rights set forth and incorporated therein, Plaintiffs request relief as set forth below.

## SECOND CLAIM FOR RELIEF

### Violations of the Unruh Act, California Civil Code § 51 *et seq.*

### (Against All Defendants)

24.     Plaintiffs incorporate by this reference the allegations contained in the preceding paragraphs as if fully set forth herein.

25.     The Unruh Act, Cal. Civ. Code § 51, prohibits discrimination on the basis of disability by "all business establishments of every kind whatsoever." Defendants are "business establishments" within the meaning of the California Civil Code § 51 *et seq.* and as such, are obligated to comply with the provisions of the Unruh Act.  The Unruh Act guarantees, *inter alia*, that persons with disabilities are entitled to full and equal accommodations, advantages, facilities, privileges, or services in all business establishments of every kind whatsoever within the jurisdiction of the State of California.   Defendant is systematically and continuously violating the Unruh Act, California Civil Code § 51 *et seq.*, by denying full and equal access to Plaintiffs as it does to non-disabled persons.

26.     Each of Defendant's violations of the ADA is likewise a violation of the Unruh Act.  Indeed, the Unruh Act provides that any violation of the ADA constitutes a violation of the Unruh Act.  Cal. Civ. Code, § 51(f).  Similarly, from December 31, 1981 until the present, violations of the standards that have been set forth in Title 24 of the California Code of Regulations ("Title 24") likewise constitute a violation of the Unruh Act.  Title 24 sets forth design and construction standards that require public accommodations in the State of California to maintain in operable working condition those features of facilities and equipment that are required to be accessible to and usable by persons with disabilities.

27.     Defendant's actions alleged herein constitute intentional discrimination against Plaintiffs on the basis of a disability in violation of the Unruh Act, Cal. Civil Code § 51 *et seq.*, in that Defendant is denying Plaintiffs, persons with disabilities, full and equal accommodations, advantages, facilities, privileges, or services offered by

Defendant, and is deterring Plaintiff from visiting the Vans Locations due to the violations at each location. Defendant has also violated the Unruh Act by violating the ADA and Title 24, as set forth above. Defendant has further violated the Unruh Act, by *inter alia*, failing to operate its services on a nondiscriminatory basis and failing to ensure that persons with disabilities have nondiscriminatory access to the Vans Locations. In doing the acts and/or omissions alleged herein, Defendant wrongfully and unlawfully denied access to the Vans Locations and their related facilities to individuals with disabilities and acted intentionally and with knowledge of the effect its conduct was having on physically disabled persons such as Plaintiffs.

28.     Further, Defendant has violated the Unruh Act by having, maintaining, establishing, or failing to abolish policies that discriminate against the mobility impaired, which has resulted in the existence of barriers in Defendant's Vans Locations.

29.     Plaintiffs have been and are being deterred from patronizing Defendant's Vans Locations on particular occasions as a result of their actual, personal knowledge of the violations stated above. Such violations stated above would have actually denied Plaintiffs full and equal access if Plaintiffs had accessed Defendant's Vans Locations on the particular occasions. The actions of Defendant were and are in violation of the Unruh Act, California Civil Code § 51 *et seq.*, and, therefore, Plaintiffs are entitled to injunctive relief remedying the discrimination.

30.     Plaintiffs are also entitled to statutory minimum damages pursuant to California Civil Code § 52 for each and every offense.

31.     Plaintiffs are also entitled to reasonable attorneys' fees and costs.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs request the following relief:

1.     A preliminary and permanent injunction pursuant to 42 U.S.C. § 12188(a)(1) and (2) and section 52(c)(3) of the California Civil Code enjoining Defendant from violating the Unruh Act and ADA;

2.   An award of statutory minimum damages of $4,000 per offense pursuant to section 52(a) of the California Civil Code;

3.   For attorneys' fees and expenses pursuant to California Civil Code § 52(a), and 42 U.S.C. § 12205;

4.   For pre-judgment interest to the extent permitted by law;

5.   For costs of suit; and

6.   For such other and further relief as the Court deems just and proper.

Dated:  November 30, 2018                 PACIFIC TRIAL ATTORNEYS, APC


                                          By: /s/ Scott J. Ferrell
                                          Scott. J. Ferrell
                                          Attorneys for Plaintiffs

# DEMAND FOR JURY TRIAL

Plaintiffs hereby demand a trial by jury of all claims and causes of action so triable in this lawsuit.

Dated:  November 30, 2018            PACIFIC TRIAL ATTORNEYS, APC

By: _/s/ Scott J. Ferrell_
Scott. J. Ferrell
Attorneys for Plaintiffs