1  **PACIFIC TRIAL ATTORNEYS**
   A Professional Corporation
2  Scott J. Ferrell, Bar No. 202091
   sferrell@pacifictrialattorneys.com
3  4100 Newport Place Drive, Suite 800
   Newport Beach, CA 92660
4  Telephone: (949)706-6464

5  Attorney for Plaintiff

6

7

8              **UNITED STATES DISTRICT COURT**

9              **CENTRAL DISTRICT OF CALIFORNIA**

10

11  RODGER FADNESS, an individual,          Case No.  8:18-cv-02134-DOC-DFM
    BRYAN WILLIAMS, an individual, and
12  ADELFO CERAME, an individual,           **PLAINTIFFS' OPPOSITION TO**
                                            **DEFENDANT'S MOTION TO**
13              Plaintiffs,                 **DISMISS FOR FAILURE TO STATE**
                                            **A CLAIM UPON WHICH RELIEF**
14              vs.                         **CAN BE GRANTED [F.R.C.P. 12(b)(1)**
                                            **and 12(b)(6)]**
15  VANS, INC., a Delaware corporation; and
    DOES 1 – 10, inclusive,                 Date:   February 11, 2019
16                                          Time:   8:30 a.m.
                Defendants.                 Ctrm:   9D
17
                                            Complaint filed:    November 30, 2018
18

19

20

21

22

23

24

25

26

27

28

## I.   INTRODUCTION & FACTUAL BACKGROUND

Plaintiffs Rodger Fadness, Bryan Williams and Adelfo Cerame ("Plaintiffs") filed the instant action against Defendant Vans, Inc. ("Defendant") on November 30, 2019, and therein alleged two causes of action for Defendant's violations of the Americans with Disabilities Act of 1990, 42 U.S.C. § 12181 *et seq.* ("ADA") and California's Unruh Civil Rights Act, Cal. Civil Code § 51 *et seq.* ("Unruh Act").   In their complaint, Plaintiffs alleged they each visited, and regularly patronize, the Vans stores located at Ontario Mills Mall, located at 1 Mills Circle, Ontario, California 91764, at Outlets at San Clemente, located at 101 Avenida Vista Hermosa, San Clemente, California 92672, at MainPlace Mall, located at 2800 N. Main Street, Santa Ana, California 92705, and at The Shops at Mission Viejo, located at 555 The Shops at Mission Viejo, Mission Viejo, California 92691 (collectively, the "Vans Locations").   (Compl. at ¶¶ 3, 11-16).

Plaintiffs further alleged that they each had actual and personal knowledge of accessibility barriers at each of the Vans Locations that prevented their full and equal access based on disability and being confined to wheelchairs.   (Cmpl. at ¶¶ 4-6). Specifically, Plaintiffs alleged that due to the aisles not being wide enough at each of the Vans Locations – i.e., lack the requisite 36-inch clear path for them to maneuver their wheelchairs – it would be impossible for them to access merchandise, displays and counter spaces that are accessible to able-bodied customers, which constitutes violations of the 2010 ADA Standards for Accessible Design 403.5.1, 1991 ADAAG 4.3.3, and Title 24, § 11B-403.5.1.   (Cmpl. at ¶¶ 12, 14, 16).

Based on their actual and personal knowledge of the accessibility barriers that prevent their full and equal access on the basis of disability, Plaintiffs alleged that they were being deterred from returning to the Vans Locations on a continuous basis.   (Compl. at ¶¶ 11, 13, 15, 22, 27, 29).   Due to Defendant's denial of full and equal access to its Vans Locations, and discrimination on the basis of disability, Plaintiffs prayed for relief in the form of (1) a preliminary and permanent injunction pursuant to 42 U.S.C. § 12188(a)(1)-(2), and section 52(c)(3) of the California Civil Code; (2) statutory minimum

damages of $4,000 per offense pursuant to section 52(a) of the California Civil Code; and (3) attorneys' fees and expenses pursuant to California Civil Code § 52(a) and 42 U.S.C. § 12205.  (Cmpl. at Prayer).

In its Motion to Dismiss (Dkt. No. 10), Defendant moves to dismiss Plaintiffs' complaint on the incorrect basis that Plaintiffs' do not have constitutional standing to sue based on the "injury in fact" requirement.  However, Defendant's analysis is fatally flawed because it seems to intentionally omit that Plaintiffs may seek relief under the ADA and Unruh Act where they have been deterred from full and equal access to a place of public accommodation on the basis of disability.  Based thereon, and the arguments set for the herein, Defendant's Motion should be denied.

## II.    PLAINTIFFS HAVE STANDING

### A.    Plaintiffs Have Standing to Pursue a Cause of Action Under the ADA.

The United States Supreme Court has established that the "irreducible constitutional minimum" of standing consists of three elements.  *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992).  The plaintiff must have "(1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision."  *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1547 (2016).  A plaintiff must demonstrate that he suffers the threat of an "injury in fact" that is concrete and particularized; the threat must be actual or imminent, not conjectural or hypothetical; it must be fairly traceable to the challenged action of the defendant; and it must be likely that a favorable judicial decision will prevent or redress the injury. *Lujan*, 504 U.S. at 560-61.  "At the pleading stage, general factual allegations of injury resulting from the defendant's conduct may suffice, for on a motion to dismiss we 'presum[e] that general allegations embrace those specific facts that are necessary to support the claim.'"  *Id.* at 561.

When an injunction is sought, the moving party must also show a continuing threat of injury. *Friends of Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc.*, 528 U.S. 167, 180-81 (2000); *City of Los Angeles v. Lyons*, 461 U.S. 95, 105 (1983) ("Lyons' standing to

1  seek the injunction requested depended on whether he was likely to suffer future injury .
2  . . .").

3  "The Supreme Court has instructed [courts] to take a broad view of constitutional
4  standing in civil rights cases, especially where, as under the ADA, private enforcement
5  suits 'are the primary method of obtaining compliance with the Act.'" *Doran v. 7-Eleven,*
6  *Inc.*, 524 F.3d 1034, 1039-40 (9th Cir. 2008) (citing *Trafficante v. Metro. Life Ins. Co.*,
7  409 U.S. 205, 209, 93 S. Ct. 364 (1972)).

8  Constitutional standing in ADA cases, however, has long been tethered to either a
9  "personal encounter" or **deterrence theory** limitation.   *Civil Rights Educ. and*
10  *Enforcement Center v. Hospitality Props. Trust*, 867 F.3d 1093, 1100 (9th Cir. 2017)
11  ("**we reject [defendant's] invitation to create a bright-line predicate of a 'personal**
12  **encounter' with a barrier to access as a requirement for standing under ADA Title**
13  **III**.") (emphasis added).

14  "[W]hen a plaintiff who is disabled within the meaning of the ADA has actual
15  knowledge of illegal barriers at a public accommodation to which he or she desires access,
16  that plaintiff need not engage in the 'futile gesture' of attempting to gain access in order
17  to show actual injury . . . ." *Pickern v. Holiday Quality Foods Inc.*, 293 F.3d 1133, 1135
18  (9th Cir. 2002) (quoting 42 U.S.C. § 12188(a)(1) ("[n]othing in this section shall require
19  a person with a disability to engage in a futile gesture if such person has actual notice that
20  a person or organization covered by this subchapter does not intend to comply with its
21  provisions.")).  "So long as the discriminatory conditions continue, and so long as a
22  plaintiff is aware of them and remains *deterred*, the injury under the ADA continues."
23  *Id.* at 1137 (emphasis added); *id.* at 1138 ("We hold that a disabled individual who is
24  currently *deterred* from patronizing a public accommodation due to a defendant's failure
25  to comply with the ADA *has suffered 'actual injury.'*  Similarly, a plaintiff who is
26  threatened with harm in the future because of existing or imminently threatened non-
27  compliance with the ADA suffers 'imminent injury.'") (emphasis added).
28  / / /

As the Ninth Circuit explained in *Doran v. 7-Eleven, Inc.*, 524 F.3d 1034 (9th Cir. 2008), "[I]t is the access barriers that the ADA plaintiff actually encountered or about which he had **personal knowledge** that "confer" standing on him under Article III.  Once a disabled individual has **encountered** or become **aware** of alleged ADA violations that **deter** his patronage of or otherwise interfere with his access to a place of public accommodation, he has already suffered an injury in fact traceable to the defendant's conduct and capable of being redressed by the courts, and so he possesses standing under Article III to bring his claim for injunctive relief forward."  *Id.* at 1042 n.5 (emphasis added).  Further,

> "As to *Lujan*'s requirement that an injury be concrete and particularized, we held "that in stating that he is currently deterred from attempting to gain access to the Paradise store, Doran has stated sufficient facts to show concrete, particularized injury." *Id.* at 1137–38. As to *Lujan*'s requirement that a plaintiff's injury be actual or imminent, we held that a disabled individual who is currently deterred from patronizing a public accommodation due to a defendant's failure to comply with the ADA has suffered "actual injury." Similarly, a plaintiff who is threatened with harm in the future because of existing or imminently threatened non-compliance with the ADA suffers "imminent injury."

*Doran*, 524 F.3d at 1040 (citing *Pickern*, 293 F.3d at 1138).

Here, Plaintiffs are proceeding with their ADA cause of action based on the deterrence that have suffered due to their actual, personal knowledge of the accessibility barriers that are present at each of Defendant's stores at issue.  (Cmpl. ¶ 29: "Plaintiffs have been and are being deterred from patronizing Defendant's Vans Locations on particular occasions as a result of their actual, personal knowledge of the violations stated above.")  Each is a regular patron of the stores and affirmatively intends to return to the stores to patronize them in the future; however, due to the accessibility barriers known to be present there, Plaintiffs will not, and need not, engage in the 'futile gesture' of

attempting to gain access in order to show actual injury.  *Pickern*, 293 F.3d at 1135; 42 U.S.C. § 12188(a)(1).

**B.  Plaintiffs Have Standing to Pursue a Cause of Action Under the Unruh Act.**

Pursuant to Civil Code § 51(f), "A violation of the right of any individual under the federal Americans with Disabilities Act of 1990 (Public Law 101-336) shall also constitute a violation of this section."  Indeed, Plaintiffs acknowledge as much, and plead as much as the basis for their cause of action arising under the Unruh Act.  (Cmpl. ¶  26); *Munson v. Del Taco, Inc.*, 46 Cal.4th 661, 670, 678 (2009) (holding a plaintiff can recover Unruh Act damages by demonstrating an ADA violation without having to demonstrate that such violation was intentional).

For the same reasons Plaintiffs' allegations regarding deterrence and the 'futile gesture' alleged with regard to standing to pursue their ADA cause of action, they are applicable under the Unruh Act.  As Defendant fails to acknowledge for the court, pursuant to Civil Code § 55.56,

(b) A plaintiff is denied full and equal access only if the plaintiff personally encountered the violation on a particular occasion, **or the plaintiff was *deterred* from accessing a place of public accommodation on a particular occasion**.

…

(d) A plaintiff demonstrates that he or she was deterred from accessing a place of public accommodation on a particular occasion only if both of the following apply:

(1) The plaintiff had actual knowledge of a violation or violations that prevented or reasonably dissuaded the plaintiff from accessing a place of public accommodation that the plaintiff intended to use on a particular occasion.

(2) The violation or violations would have actually denied the plaintiff full and equal access if the plaintiff had accessed the place of public accommodation on that particular occasion.

(emphasis added).

As alleged in Plaintiffs' complaint, each alleged that they had actual knowledge of the physical accessibility barriers present at Defendant's places of public accommodation, and each alleged that they were denied full and equal access based thereon.  To the extent the court determines Plaintiffs need to plead with more specificity as the occasions of deterrence, Plaintiffs can and should be granted leave to amend pursuant to Federal Rule of Civil Procedure 15(a)(2): "[t]he court should freely give leave when justice so requires." " 'This policy is to be applied with extreme liberality.' " *C.F. ex rel. Farnan v. Capistrano Unified Sch. Dist.,* 654 F.3d 975, 985 (9th Cir. 2011) (quoting *Eminence Capital, LLC v. Aspeon, Inc.,* 316 F.3d 1048, 1051 (9th Cir. 2003)).

## IV.   CONCLUSION

For the reasons set forth herein, Defendant's motion to dismiss should be denied. Alternatively, should the court be inclined to grant Defendant's motion, Plaintiffs' request leave to amend in accordance with the Court's order.

Dated: January 18, 2019              PACIFIC TRIAL ATTORNEYS
                                      A Professional Corporation

                                      By: */s/ Scott J. Ferrell*
                                      Scott J. Ferrell
                                      Attorney for Plaintiff

# CERTIFICATE OF SERVICE

I hereby certify that on January 18, 2019, I electronically filed the foregoing **PLAINTIFFS' OPPOSITION TO DEFENDANT'S MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED [F.R.C.P. 12(b)(1) and 12(b)(6)]** with the Clerk of the Court using the CM/ECF system which will send notification of such filing via electronic mail to all counsel of record.

*/s/ Scott J. Ferrell*
Scott J. Ferrell